# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

STACEY MAYWEATHER,

    Petitioner,

v.

HOMER BRYSON,

    Respondent.

CIVIL ACTION NO.: 5:15-cv-49

## **O R D E R**

Petitioner Stacey Mayweather ("Mayweather"), who is currently housed at Dooly State Prison in Unadilla, Georgia, filed a Petition for Writ of Habeas Corpus, ostensibly pursuant to 28 U.S.C. § 2241, while he was housed at the Coffee Correctional Facility in Nicholls, Georgia. (Doc. 1.) Mayweather also moved to proceed *in forma pauperis* in this Court, and this Court granted that motion. (Docs. 2, 3.) In his Petition, Mayweather attacks his conviction obtained in the Superior Court of Spalding County, Georgia. (Doc. 1, p. 2.) Respondent filed a Response. (Doc. 10.) Upon review of Mayweather's Petition, it is clear that he has brought a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2554[1], despite having labeled his action as being brought pursuant to 28 U.S.C. § 2241 and the Clerk of Court having docketed his action as such.

---

[1] "Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." Retic v. United States, 215 F. App'x 962, 964 (11th Cir. 2007) (quoting Castro v. United States, 540 U.S. 375, 381 (2003)). This Court may "recharacterize a *pro se* litigant's motion to create a better correspondence between the substance of the motion and its underlying legal basis." Rameses v. United States Dist. Court, 523 F. App'x 691, 694 (11th Cir. 2013). Federal courts "may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." Id. (quoting Castro, 540 U.S. at 381–82). This ability to re-characterize is limited, particularly when a court

While this Court had jurisdiction over this Petition while Mayweather was incarcerated within this District, it is prudent to address the venue of this action. All applications for writs of habeas corpus filed by persons in state custody, including those filed under 28 U.S.C. § 2254, are governed by 28 U.S.C. § 2241. Medberry v. Crosby, 351 F.2d 1049, 1062 (11th Cir. 2003). For a person who is "in custody under the judgment and sentence of a [s]tate court", Section 2241(d) specifies the "respective jurisdictions" where a Section 2254 petition may be heard. Under Section 2241(d), a person in custody under the judgment of a state court may file his Section 2254 petition in the federal district (1) "within which the [s]tate court was held which convicted and sentenced him"; or (2) "wherein [he] is in custody." 28 U.S.C. § 2241(d); see also Eagle v. Linahan, 279 F.3d 926, 933 n.9 (11th Cir. 2001). Therefore, the Court may, "in the exercise of its discretion and in furtherance of justice", transfer an application for writ of habeas corpus to "the district court for the district within which the State court was held which convicted" Petitioner. 28 U.S.C. § 2241(d).

In enacting Section 2241(d), "Congress explicitly recognized the substantial advantages of having these cases resolved in the court which originally imposed the confinement or in the court located nearest the site of the underlying controversy." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 497 (1973); see also 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any

---

recharacterizes a pleading filed by a *pro se* litigant as a first Section 2254 petition. Prior to such re-characterization, the court:

> must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 225[4] motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or amend it so that it contains all the § 225[4] claims he believed he has.

Castro, 540 U.S. at 383.

civil action to any other district or division where it might have been brought."). To that end, the federal courts of this State maintain a "longstanding practice" of transferring habeas petitions "to the district of conviction." Isaac v. Brown, No. CV 4:10-071, 2010 WL 2636045, at *1 (S.D. Ga. May 24, 2010), *report and recommendation adopted*, No. CV 4:10-071, 2010 WL 2636059 (S.D. Ga. June 29, 2010) (citing Eagle, 279 F.3d at 933 n.9); see also Order, Hewitt v. Allen, No. 3:14-cv-27 (M.D. Ga. Mar. 26, 2014), ECF No. 4 ("Adherence to this policy results in each district court considering habeas actions arising within the district and in an equitable distribution of habeas cases among the districts of this state.").

The place of Mayweather's conviction, Spalding County, is located in the Newnan Division of the Northern District of Georgia. 28 U.S.C. § 90(a)(4). Consequently, IT IS HEREBY **ORDERED** that this action shall be **TRANSFERRED** to the United States District Court for the Northern District of Georgia, Newnan Division. The Clerk of Court is **DIRECTED** to transfer this case to that Court.

**SO ORDERED**, this 16th day of September, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA